THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Lead Plaintiff Victor A. Martignetti, et al.

       Plaintiffs

  v.

City of Cambridge,

       Defendant

USDC Case No. 1:18-cv-10980

## PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CITY OF CAMBRIDGE PURSUANT TO FRCP RULE 55(b)(2)

Plaintiffs Victor Martignetti, et al., respectfully apply for entry of a default judgment pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 55(b)(2) against the Defendant City of Cambridge in the above-captioned matter.

Plaintiffs in the above-captioned matter filed a Complaint on May 15, 2018, (ECF #1), and a First Amended Complaint on June 12, 2018, (ECF #6). On June 12, 2018 Plaintiffs proved service of both the Complaint and First Amended Complaint respectively by: (A) filing a Waiver of the Service of Summons ("Waiver"), form AO 99, signed by the Defendant's City Solicitor Nancy Glowa, and showing the deadline for an answer as 60 days from May 24, 2018, (ECF #5); and (B) Certificate of Service for the First Amended Complaint upon the City Solicitor Nancy Glowa by first class mail, postage pre-paid, (ECF #7).

The ECF entry for the Waiver shows that the deadline for the City to file an Answer to the Complaint therefore was July 23, 2018, (ECF #4), 60 days following the service date of Waiver of May 24, 2018. Notwithstanding the July 23, 2018 deadline, as of the filing of this application on July 26, 2018, the City has defaulted by not filing an Answer to the Complaint or First Amended Complaint.

Plaintiffs refer the Court to the memorandum of reasons that Plaintiffs have filed simultaneous with this application in support of the Court granting this application for default judgment.

WHEREFORE, pursuant to FRCP Rule 55(b)(2), Plaintiffs apply for entry of a default judgment, with methods, categories, and computations as averred in the Complaint and First Amended Complaint to ascertain sum certain owing, as follows:

A.      Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of unpaid overtime compensation owing to each Plaintiff under the FLSA starting three years prior to the date that the instant complaint was filed in Federal District Court to the date of judgment.

B.      Enter a judgment under FLSA Section 216 against Defendant for payment of back wages for unpaid overtime compensation—plus an equal amount in liquidated damages—owing to each Plaintiff for the three years prior to the date that the instant complaint was filed in Federal District Court to the

2

date of judgment, plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this FLSA complaint.

C.     Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of unpaid overtime compensation owing to each Plaintiff under G. L. c. 149, §§ 148, 150 starting three years prior to the date that the instant complaint was filed in Federal District Court to the date of judgment.

D.     Enter a judgment under G. L. c. 149, §§ 148, 150 against Defendant for payment of unpaid, earned compensation—plus an equal amount in treble damages—owing to each Plaintiff for the three years prior to the date that the complaint was filed in Federal District Court to the date of judgment, plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting the Massachusetts Wage Act claim.

E.     Enter a judgment under G. L. c. 149, §§ 148, 150 against Defendant for 12% statutory interest, per G.L. c. 231, § 6C, for earned compensation that was (i) earned during the three years prior to the date that the instant complaint was filed in Federal District court, (ii) paid more than 6 days following the end of the workweek in which it was earned, and (iii) paid prior to the date that the complaint in this matter was filed.  Interest shall be computed at 12% from the date that compensation should have been paid, to the date it was eventually paid, plus two times the 12% interest owing pursuant to the treble damages provisions of the Massachusetts Wage Act,

plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting the Massachusetts Wage Act claim.

F.     Order a hearing under Rule 55(b)(2)(A)–(D) to resolve any facts necessary to apply the methods, categories, and computations averred in the Complaint/First Amended Complaint, to derive the sum certain owing, and entry of orders and judgments as may otherwise be a just and proper to remedy the Defendant's unlawful violations of the statutes relayed above.

Respectfully submitted,

On behalf of the Plaintiffs,

By Plaintiffs' Counsel:

*/s/ Jack J. Canzoneri*
Jack J. Canzoneri, BBO #564126
jcanzoneri@masslaborlawyers.com
Olinda R. Marshall BBO # 659098
omarshall@masslaborlawyers.com
McDonald Lamond Canzoneri
352 Turnpike Road, Suite 210
Southborough, MA  01772-1756
(508) 485-6600

Dated:  July 26, 2018

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Jack J. Canzoneri, hereby certify that no counsel has filed an appearance in this matter, and therefore I have not been able to confer with counsel of record under Local Rule 7.1(a)(2) and attempt in good faith to resolve or narrow the issues presented in this application for default judgment.

Dated:  July 26, 2018          *s/Jack J. Canzoneri*
                               Jack J. Canzoneri, Esq.

## CERTIFICATE OF SERVICE

I, Jack J. Canzoneri, hereby certify that, in the absence of entry of appearance and counsel of record on behalf of Defendant City of Cambridge, I have caused a copy of the foregoing to be served upon the Defendant City of Cambridge's City Solicitor, Nancy Glowa, this day overnight express, Federal Express Tracking No. 7728 2887 9660.

Dated:  July 26, 2018    *s/Jack J. Canzoneri*
                         Jack J. Canzoneri, Esq.